MARIA C. VAUGHN,                          )     APPEAL NO. 89-004
                                          )     CIVIL NO. 87-315
      Plaintiff/Appellee,         )
                                          )
vs.                                       )     **DECISION AND ORDER**
                                          )
BANK OF GUAM,                             )
                                          )
      Defendant/Appellant.        )
_____  )

Argued and submitted on July 11, 1990

Counsel for Appellant:   Oliver W. Bordallo, Esquire

Counsel for Appellee:    Reynaldo O. Yana, Esquire

Amicus Curiae:           Theodore R. Mitchell, Esquire

Before: DELA CRUZ, Chief Justice; VILLAGOMEZ, Justice; and KOSACK, Special Judge.

PER CURIAM:

At the trial of this case the jury decided:

1. to award Vaughn damages in the sum of $10,000.00;

2. that Vaughn is entitled to rescission of the 1986 mortgage on Lot 001 F 103 on Saipan; and

3. that Vaughn did not owe the Bank of Guam (hereafter Bank) $25,000.00.

319

The Bank appealed to the Appellate Division of the District Court (hereafter Appellate Division) only the third part of the verdict, regarding its claim against Vaughn for $25,000. The appeal was based solely on insufficiency of evidence. The Appellate Division found that the verdict was supported by substantial evidence and affirmed prior to May 2, 1989, when Public Law 6-25[1] became effective. On May 19, 1989, the Bank filed an appeal to this Court and to the U.S. Court of Appeals for the Ninth Circuit (hereafter Ninth Circuit).

We have decided that we assumed jurisdiction over this appeal pursuant to P.L. 6-25, and that we have no basis for reviewing the valid judgment of the Appellate Division affirming the jury verdict. Vaughn v. Bank of Guam, No. 89-004 (N.M.I. June 6, 1990). That decision has been appealed to the Ninth Circuit by the Bank pursuant to Section 403(a) of the Covenant.[2]

When we issued our jurisdictional ruling, we also ordered that the mandate issue to the Superior Court eighteen days thereafter. The Bank has moved to stay the issuance of the mandate.

In considering whether to grant a motion for stay, we will apply the tests that have been followed by the Ninth Circuit and

---

[1]Commonwealth Judicial Reorganization Act of 1989, 1 CMC §§ 3101-3404. The Act divested the Appellate Division and Ninth Circuit of jurisdiction over appeals from Commonwealth Trial Court decisions and transferred jurisdiction to this Court. Id., § 3109(b).

[2]Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, (Commonwealth Code, p. B-101).

320

the Appellate Division.[3] The moving party must show:

1. a combination of probable success on the merits and the possibility of irreparable injury; or

2. that serious questions are raised and the balance of hardships tips sharply in its favor.

The Bank has not addressed the issue as to the probability of its success on the merits.[4] As to the merits, the jury found that Vaughn did not owe the Bank $25,000. The Appellate Division affirmed that finding, concluding that it was supported by substantial evidence. The Bank failed to demonstrate the probability that the Ninth Circuit will reverse the judgment of the Appellate Division.

At oral argument the Bank admitted no possibility of irreparable injury. We agree that there will be no irreparable injury to the Bank if the stay is not granted. Even if the mandate issues to the Superior Court, the Bank will not incur any loss or damage. Vaughn is simply declared not liable on the Bank's claim.

The Bank did address the issue of whether serious legal questions are raised. It contends that this Court's assumption of jurisdiction over this appeal is a serious question which should be addressed by the Ninth Circuit. We agree that this is a serious

---

[3]See Warm Springs Dam Task Force v. Gribble, 565 F.2d 549, 551 (9th Cir. 1977); Nevada Airlines, Inc. v. Bond, 622 F.2d (9th Cir. 1980); Los Angeles Memorial Coliseum Com'n v. Nat. Football, 634 F.2d 1197 (9th Cir. 1980); and Marianas Public Land Trust v. Government of the CNMI, 2 CR 999 (D.N.M.I. App. Div. 1987).

[4]The Bank addressed only its chances of success before the Ninth Circuit on the jurisdictional issue.

321

question, but the Ninth Circuit has addressed the issue.

Although the Ninth Circuit's ruling (that it retained jurisdiction over Commonwealth appeals pending before _it_ on May 2, 1989) is at odds with our own jurisdictional ruling,[5] the court agreed with us that appeals pending in the _Appellate Division_ (not appealed to the Ninth Circuit before May 2, 1989) were transferred to us pursuant to P.L. 6-25. In _Wabol v. Villacrusis_, No. 87-1736 (9th Cir. July 9, 1990) (order and amended opinion), the court stated:

> [O]nce jurisdiction is withdrawn from a lower court, a _subsequent_ appeal to a higher court will not save it from that withdrawal. However, the appeal was pending in this court when the act was passed, and had been properly taken from the appellate division _before_ that court was divested of jurisdiction.

_Wabol_, slip op. at 6872 (emphasis added).

Unlike _Wabol_, which was pending in the Ninth Circuit on May 2, 1989, this appeal was pending in the Appellate Division on that date. The subsequent appeal to the Ninth Circuit on May 19, 1989, did not save it from the withdrawal of jurisdiction effected by P.L. 6-25.

The Bank did not discuss the issue as to the balance of hardships and failed to show that it will tip sharply in its favor. Our analysis indicates that the balance of hardships tips in favor of Vaughn. Vaughn obtained a monetary judgment against the Bank for $10,000, which was not appealed. She also obtained a

---

[5]_Wabol v. Villacrusis_, No. 89-005 (N.M.I. Dec. 11, 1989).

322

rescission of a mortgage which was not appealed. The Bank did not prevail in its claim for $25,000, which is on appeal.

If the mandate is stayed, then Vaughn's execution on the unappealed portion of the judgment will be further delayed while the Bank retains that money and mortgage.[6] If the mandate is not stayed, the Bank can proceed with the appeal -- and if it ultimately prevails then, and only then, will it have a valid claim against Vaughn for $25,000.00.

The Bank has not shown adequate justification for granting a stay of our mandate.

IT IS HEREBY ORDERED that the Motion for Stay of the Mandate is DENIED and the Mandate shall issue immediately. Since the Appellate Division issued a valid judgment in this case on April 20, 1989, there is no need for this Court to issue another judgment. Accordingly, the Appellant's request for this Court to enter another judgment is also DENIED.

Dated this 27th day of July, 1990.

_____
JOSE S. DELA CRUZ, Chief Justice

_____
RAMON G. VILLAGOMEZ, Associate Justice

_____
REXFORD C. KOSACK, Special Judge

---

[6]Vaughn filed this case in June, 1987. The jury verdict and the trial court judgment were entered on June 1, 1988.